# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL ALLISON, et al.,** | ] | |
| | ] | |
|     **Plaintiffs,** | ] | |
| | ] | |
| v. | ] | 2:19-cv-00244-ACA |
| | ] | |
| **THE CITY OF BIRMINGHAM,** | ] | |
| | ] | |
|     **Defendant.** | ] | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Defendant City of Birmingham's ("the City") motion to dismiss the amended complaint. (Doc. 9). Plaintiffs Michael Allison and Adam McConnell, white police officers, allege that the City racially discriminated against them by removing them from their assigned beats and replacing them with African-American officers. They assert that the reassignment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(m), and 42 U.S.C. § 1983. (Doc. 7).

The City moves to dismiss the amended complaint for insufficient process or, in the alternative, to dismiss the § 1983 "claim" for failure to state a claim. The court **DENIES** the motion to dismiss the complaint for insufficient process because Plaintiffs served the complaint within the time limit mandated by the state court. The court **DENIES** the motion to dismiss the § 1983 "claim" because

Plaintiffs have alleged sufficient facts to create an inference that the City had a policy or custom of permitting only African-American officers to patrol certain neighborhoods. However, the court exercises its inherent authority and **ORDERS** Plaintiffs to replead the amended complaint to clarify the cause of action asserted through § 1983, because the amended complaint does not identify the underlying cause of action.

I. BACKGROUND AND PROCEDURAL HISTORY

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Mr. McConnell and Mr. Allison, both white males, worked as police officers for the City. (Doc. 7 at 2 ¶¶ 2–3, 5). On June 9, 2017, Mr. Allison and another officer responded to a call about a disorderly person. (*Id.* at 2 ¶ 6). They arrested an African-American woman who screamed "racial slurs" and threatened them. (*Id.* at 2 ¶¶ 7–8). After her release the next day, she and her boyfriend went to a meeting with Plaintiffs' supervisors, during which "there was an incident with a handgun between her boyfriend and [another officer]." (*Id.* at 3 ¶¶ 10–11). Mr. McDonnell subdued "the suspect." (*Id.* at 3 ¶ 12).

The African-American woman then demanded that "all white people be removed" from policing her neighborhood. (Doc. 7 at 2–3 ¶¶ 9, 13). A lieutenant

agreed with her and shortly thereafter, Plaintiffs and another white officer "were removed from their assigned beats and replaced by African-American officers." (*Id.* at 3 ¶¶ 14–15). Plaintiffs allege, without further explanation, that "[t]hey are no longer white Field Training Officers due to these decisions." (*Id.* at 3 ¶ 17).

On August 1, 2018, Plaintiffs filed their complaint in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1 at 3). On December 10, 2018, the state court entered an order allowing Plaintiffs forty-five days—or until January 24, 2019—to perfect service on the City. (*Id.* at 22). Plaintiffs served the City on January 23, 2019. (*Id.* at 41). The City then removed this case to federal court (doc. 1), after which Plaintiffs filed an amended complaint (doc. 7).

## II. DISCUSSION

The City moves to dismiss the amended complaint for insufficient process, under Federal Rule of Civil Procedure 12(b)(4),[1] or in the alternative to dismiss the § 1983 "claim" for failure to state a claim, under Rule 12(b)(6). (Doc. 9). The court will address each of the arguments and explain why they do not warrant dismissal. The court will conclude by exercising its inherent authority to order repleader of the amended complaint.

---

[1] Rule 12(b)(5) permits a court to dismiss a complaint for "insufficient *service* of process." (Emphasis added). Another district court has noted that "[t]he distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service issues under both rules." *Carthen v. Baptist S. Med. Ctr.*, No. 2:10-CV-281-WKW, 2011 WL 855279, at *2 (M.D. Ala. Feb. 23, 2011), *report and recommendation adopted*, No. 2:10-CV-281-WKW, 2011 WL 855271 (M.D. Ala. Mar. 11, 2011).

3

1. Timely Service

The Eleventh Circuit has noted that, when a party challenges the sufficiency of pre-removal process, the federal court should "look[ ] to the state law governing process." *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985). Alabama Rule of Civil Procedure 4(b) provides that the plaintiff must serve the summons and complaint on a defendant "within 120 days after the filing of the complaint." If the plaintiff fails to timely serve the summons and complaint, the court "may dismiss the action without prejudice as to the defendant upon whom service was not made *or* direct that service be effected within a specified time." *Id.* (emphasis added).

In this case, Plaintiffs did not serve the complaint on the City within 120 days after filing the complaint. But after the time to serve the complaint had passed, the state court ordered Plaintiffs to perfect service within forty-five days. (Doc. 1-1 at 22). Plaintiffs did so. (*Id.* at 41). Accordingly, under Alabama Rule of Civil Procedure 4(b), Plaintiffs timely served the City. The court **DENIES** the motion to dismiss the amended complaint for failure to timely perfect service.

2. Failure to State a Claim

Plaintiffs assert a "claim" that the City is liable under 42 U.S.C. § 1983 for racial discrimination. (Doc. 7 at 1 ¶ 1, 3 ¶¶ 15–19). The City's only argument for

dismissal of the § 1983 "claim" is that Plaintiffs failed to adequately allege municipal liability. (Doc. 9 at 4).

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A [municipality]'s liability under § 1983 may not be based on the doctrine of respondeat superior." *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). Instead, to establish a municipality's liability under § 1983, a plaintiff must "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Id.*

Plaintiffs have pleaded that after an African-American woman complained about white police officers working in her neighborhood, they and another white officer were "removed from their assigned beats and replaced by African-American officers." (Doc. 7 at 2–3 ¶¶ 9, 15). At this stage, those factual allegations permit the reasonable inference that the City implemented an official policy or an unofficial custom of allowing only African-American officers to patrol

5

certain neighborhoods. Accordingly, the court **DENIES** the motion to dismiss the § 1983 "claim" for failure to identify a municipal policy or custom.

3. Order to Replead

The Eleventh Circuit has noted that a district court has "the inherent authority to require the [plaintiff] to file a more definite statement. Such authority, if not inherent in [Federal] Rule [of Civil Procedure] 12(e), is surely within the district court's authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

In this case, Plaintiffs state that they make a "claim" under § 1983. (*See* Doc. 7 at 1 ¶ 1). But § 1983 "is not self-executing; the statute itself creates no substantive rights." *Cannon v. Taylor*, 782 F.2d 947, 949 (11th Cir. 1986). And the amended complaint does not identify the underlying cause of action that Plaintiffs seek to raise in federal court through § 1983. (*See generally* Doc. 7). Nor does the briefing on this motion to dismiss clarify matters. In their response to the motion to dismiss, Plaintiffs make one passing reference to 42 U.S.C. § 1981. (*See* Doc. 12 at 5). Plaintiffs also refer to "a proper claim against the City under Title VII and Section 1983." (*Id.* at 5; *see also id.* at 1).

Because the court cannot tell what claim Plaintiffs seek to assert under § 1983, the court finds that use of its inherent authority to order repleading is

appropriate. Accordingly, the court **ORDERS** Plaintiffs to replead the complaint to specifically identify the cause of action they seek to assert under § 1983.

### III.   CONCLUSION

The court **DENIES** the City's motion to dismiss the complaint. The court **ORDERS** Plaintiffs to replead the complaint to identify the cause of action they seek to assert under § 1983. Plaintiffs must file their second amended complaint **on or before May 16, 2019**.

**DONE** and **ORDERED** this May 2, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE